IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,977




EX PARTE PHILLIP D. DENBOW, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. C-396-008298-0828463-A IN THE 396TH DISTRICT COURT
FROM TARRANT COUNTY




           Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance, methamphetamine, and delivery of a controlled substance,
methamphetamine, and sentenced to thirty-five (35) years’ imprisonment and a $5,000 fine. The
Second Court of Appeals affirmed his conviction. Denbow v. State, No. 2-03-102-CR (Tex. App.
– Fort Worth, August 24, 2004, pet. ref’d, untimely filed). 
            We remanded this application for findings of fact and conclusions of law concerning
Applicant’s contentions that his convictions were obtained in violation of double jeopardy because
he was convicted of two offenses arising from the single sale of a single controlled substance, and
that his double jeopardy claim was not barred because he did not knowingly and intelligently
relinquish his double jeopardy rights in prior proceedings.
            The trial court has entered findings of fact and conclusions of law that Applicant’s two
convictions for the single specific sale of the same quantity of methamphetamine violated his
protection against multiple punishments and that this claim is not barred from consideration because
the violation is clearly apparent from the record. The trial court recommends vacating the conviction
for delivery of a controlled substance. We find, therefore, that Applicant’s convictions violate the
Double Jeopardy Clause of the United States Constitution. We deny Applicant’s claim relating to
his conviction for possession with intent to deliver a controlled substance and grant his claim for
relief from the jeopardy-barred conviction for delivery of a controlled substance.
 
Delivered: August 20, 2008
Do Not Publish